▆ In the Matter of the Claim of GLADYS DOVE, Respondent, v. VILLAGE OF SKANEATELES et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal from a decision of the Workmen's Compensation Board awarding the claimant death benefits on the ground that there is no

substantial evidence to support the board's finding of accident and causal relationship. The board has found that decedent's work activities on July 12, 1965 in "mowing grass and trimming tree limbs in the morning" and later attempting to keep "brush fires under control", particularly considering that "The temperature of the day was about 80 degrees", were "strenuous and greater than the ordinary wear and tear of life and resulted in the death." We cannot agree with appellants' contention that the record does not support the board's factual determinations as to the events transpiring and conditions existing just prior to decedent's death, which were also the assumptions in essence used by the medical experts testifying as to causal relationship. In our opinion the record supports the board's factual findings. Moreover, while there is the usual conflict in the medical testimony, there is clearly substantial medical evidence, once the issue of what transpired and the conditions existing at the time has been resolved, to support the board's determination of accident and causal relationship (*Matter of Palermo* v. *Gallucci & Sons,* 5 N Y 2d 529). The fact that in part, at least, the work activities were decedent's customary duties would not, of course, preclude a finding that they were sufficiently arduous to entail greater exertion than the ordinary wear and tear of life (e.g., *Matter of Hudson* v. *Waddington Constr.,* 14 A D 2d 463). Upon the evidence in this case we cannot say that the board, in determining the factual issues, could not reach the determination it did. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Reynolds, J.